## DICK DRIGGERS v. STATE.

No. A-6346. Opinion Filed Jan. 5, 1929.
(273 Pac. 282.)

D. B. Madden and Walter Hubbell, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Cotton county on a charge of manufacturing mash fit for distillation for the manufacture of alcoholic liquor.

The record discloses that one Flipo was arrested in possession of a copper still and 200 gallons of mash, the same as that upon which the charge here

is predicated. He pleaded guilty and was sentenced to pay a fine of $100 and to serve a term in the county jail. After he had been in jail some time, he informed the sheriff and county attorney that defendant and one Jim Johnson and two parties by the name of Calfey were the owners of the still and mash, and that he was employed to operate the still, and that in case of arrest he was to take the responsibility. Defendant and Johnson were informed against, tried, and convicted in the instant case. The verdict was set aside as to Johnson.

It is first contended that the conviction rests entirely on the testimony of Flipo and the two Calfeys; that by their testimony they are accomplices and that there is no corroboration of their testimony, and for that reason the conviction cannot stand. An examination of the record discloses that the only incriminating evidence is that of Flipo and the two Calfeys. These witnesses were accomplices of defendants, and were so recognized by the trial judge, who instructed the jury that they were accomplices. The testimony of all of them indicates that they are perjurers, ready to swear falsely when they deemed it to their interest to do so. The Calfeys were unwilling witnesses, and evidently receded from their statements made to the county attorney. The county attorney apparently was in the situation that he was unable to procure any credible testimony to corroborate these accomplices in those matters connecting defendant with the crime.

Since we must follow the plain provisions of the law as embodied in section 2701, Comp. St. 1921, and the many decisions of this court in conformity with it, the case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.